**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JEFFREY DEON MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-CV-470-GKF-TLW |
| ) | |
| **DAVID L. MOSS CRIMINAL** ) | |
| **JUSTICE CENTER;** ) | |
| **ARAMARK,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

On August 21, 2012, Plaintiff Jeffrey Deon Moore, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). He also sent two (2) summonses and two (2) USM-285 Marshal service forms. For the reasons discussed below, Plaintiff shall be required to file both an amended complaint and an amended motion to proceed *in forma pauperis*.

**A. Motion to proceed *in forma pauperis* is deficient**

Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court finds the supporting information to be insufficient for compliance with the federal statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his

ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b).

In this case, Plaintiff failed to provide the required accounting information. Plaintiff did not provide a certified copy of his account statement for the 6-month period immediately preceding the filing of the complaint. The Court recognizes that Plaintiff provided a letter stating that he has had "trouble with the account staff here at David L. Moss getting a copy of my account." See Dkt. # 4. Nonetheless, this action may not proceed unless Plaintiff provides the necessary accounting. Plaintiff should continue his efforts to obtain the accounting, making sure to follow his institution's rules and procedures in making his request.

To cure this deficiency, Plaintiff shall file an amended motion to proceed *in forma pauperis* to provide a copy of the required accounting information. See 28 U.S.C. § 1915(a)(2). **Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for payment of the full filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).** Plaintiff shall be allowed thirty (30) days to either pay the full $350 filing fee or submit an amended motion to proceed *in forma pauperis*, including the required accounting information, or show cause in writing for his failure to do so.

**B. Complaint is subject to dismissal**

    **1.    Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Plaintiff's claims

In his complaint, Plaintiff claims that his civil rights have been violated "due to the nature of my religon [sic]." See Dkt. # 1. He names two (2) defendants: David L. Moss Criminal Justice Center, the facility for the Tulsa County Jail, and Aramark, the food service provider at the jail. He identifies three (3) claims, as follows:

Count I: Request for Holy Quarn [sic] on 5-10-12 at 9:48 a.m.
Chaplin Fainham respone [sic] on 5-14-12 was he don't [sic] have any Holy Quarns [sic] in chaple [sic].

Count II: Denial of proper santuray [sic] for prayer for Muslim prayer time.
Officers of David L. Moss would not let me pray until on [sic].

Count III: My meals at the time of Ramdan [sic] was [sic] not served proprly [sic] for as on the times I requested and all my meals was [sic] placed on floor of sally port area.
From the time Ramdan [sic] started on 7-20-12 to 8-19-12 kitchen staff and officers did not make my request.

(Dkt. # 1). Plaintiff also states on the face of his complaint that he has not exhausted available remedies and offers as his explanation a "lack of care and the ablibity [sic] to take action on my remedies." Id. In his prayer for relief, Plaintiff asks for "mental stress, the right to pratice [sic] my relgion [sic] to the fullest, and health code volations [sic]." Id.

### 3. Exhaustion of administrative remedies

Plaintiff is advised that pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision

applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings." Ngo, 548 U.S. at 90-91. As a result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93; see also Jones v. Bock, 549 U.S. 199 (2007); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). When a prisoner's claim has been rejected by prison authorities on procedural grounds, that claim "should be dismissed from the plaintiff's complaint with prejudice." Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006), overruled on other grounds by Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Petitioner states in his complaint that he did not exhaust available administrative remedies prior to filing his complaint. As a result, this action is subject to dismissal. However, "[w]hen a

5

district court is given the opportunity to address the exhaustion question due to affirmative but not conclusive statements in the prisoner's complaint, we . . . hold[] that a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (internal quotation omitted).  Therefore, Plaintiff may file an amended complaint should he have an explanation for his failure to exhaust available administrative remedies.

### 4. Improper defendant is subject to being dismissed

Plaintiff is advised that "David L. Moss Criminal Justice Center" is not a proper defendant. While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action.  Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), vacated on other grounds, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 826 (D. N.J. 1993).  For that reason, Defendant David L. Moss Criminal Justice Center is subject to being dismissed from this action.

Plaintiff is advised that should he file an amended complaint, he should omit "David L. Moss Criminal Justice Center" as a defendant and instead identify as defendants the individuals who denied his requests for religious materials and dietary needs.

### 5. Complaint fails to state claim as to Defendant Aramark

Plaintiff names "Aramark" as a defendant. However, nowhere in his complaint does Plaintiff explain how "Aramark" violated his constitutional rights. As stated above, the Court will not supply additional factual allegations to round out Plaintiff's complaint or construct a legal theory on his behalf. The Court finds that any claim against "Aramark" is conclusory subject to being dismissed for failure to state a claim upon which relief may be granted.

### 6. Request for money damages precluded by 42 U.S.C. § 1997e(e)

Pursuant to the Prison Litigation Reform Act, a prisoner is not entitled to recover compensatory damages for mental or emotional injuries without a prior showing of physical injury. 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Plaintiff does not allege that he has suffered any physical injury as a result of Defendants' actions. Therefore, to the extent Plaintiff intends to request money damages for "mental stress," his request will be dismissed. See Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001).

### C. Opportunity to amend

Plaintiff may file an amended complaint to cure these deficiencies. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. Should Plaintiff fail to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **September 24, 2012**, Plaintiff shall file an amended motion to proceed *in forma pauperis* using the court-approved form and providing accounting information for the six-month period immediately preceding the filing of the complaint.

2. By the above-referenced deadline, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies identified herein.

3. Should Plaintiff fail to file an amended complaint by the above-referenced deadline, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

4. The Clerk of Court shall send Plaintiff a blank motion to proceed *in forma pauperis* (form AO-240), and a blank civil rights complaint (form PR-01), both marked "amended" and identified as Case No. 12-CV-470-GKF-TLW, for Plaintiff's use in complying with this Order.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 23rd day of August, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT